**THE AFTERGOOD LAW FIRM**
Aaron D. Aftergood (SBN 239853)
aaron@aftergoodesq.com
1880 Century Park East, Suite 200
Los Angeles, California 90067
Telephone: (310) 551-5221
Facsimile: (310) 496-2840

**WOODROW & PELUSO, LLC**
Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Pro Hac Vice* admission to be filed

Attorneys for Plaintiff Antoinette Herrera and the Class

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **Antoinette Herrera,** individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| **Soothe, Inc.,** a Delaware corporation, | **JURY TRIAL DEMANDED** |
| Defendant. | |

1. Plaintiff Antoinette Herrera ("Plaintiff" or "Herrera") brings this Class Action Complaint against Defendant Soothe, Inc. ("Defendant" or "Soothe") to stop its practice of sending unsolicited text messages to cellular telephones without procuring consumers prior express written consent, and to obtain redress for all persons similarly injured by its conduct. Plaintiff, for her Complaint, alleges as

CLASS ACTION COMPLAINT          - 1 -

1  follows upon personal knowledge as to herself and her own acts and experiences,

2  and, as to all other matters, upon information and belief, including investigation

3  conducted by her attorneys.

4      2.    The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

5  ("TCPA"), and its implementing regulations, 47 C.F.R. § 64.1200, *et seq.*, prohibit

6  companies, such as Defendant, from sending SMS messages using an automatic

7  telephone dialing system ("ATDS") to cellular telephones without first obtaining

8  prior express written consent. In this case, Soothe has violated, and continues to

9  violate, the TCPA and its regulations by placing SMS messages to cellular phone

10  subscribers who have not provided prior express written consent to receive such text

11  messages.

12  **PARTIES**

13      3.    Plaintiff Antoinette Herrera is a natural person over the age of eighteen

14  who resides in Anaheim, Orange County, California.

15      4.    Defendant Soothe, Inc. is a corporation incorporated and existing under

16  the laws of the State of Delaware whose primary place of business and corporate

17  headquarters is located at 1800 N. Highland Ave., Suite 600, Los Angeles, California

18  90028.

19  **JURISDICTION**

20      5.    This Court has subject matter jurisdiction over this action pursuant to 28

21  U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47

22  U.S.C. § 227, *et seq.*, a federal statute. This Court also has jurisdiction under the

23  Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, because each of the alleged

24  Classes consists of over 100 persons, there is minimal diversity, and the claims of

25  the class members when aggregated together exceeds $5 million. Further, none of

26  the exceptions to CAFA apply.

27      6.    This Court has personal jurisdiction over Soothe and venue is proper in

28  this District because it solicits significant business in this District, is registered to do

**CLASS ACTION COMPLAINT**    - 2 -

1  business in this District, is headquartered in this District, and a substantial part of the

2  events or omissions giving rise to the claim occurred in this District.

3

4  ### COMMON ALLEGATIONS OF FACT

5       7.     Defendant Soothe is a multinational in-home massage service provider

6  headquartered in Los Angeles, California.

7       8.     In an effort to effectuate Soothe's business, Defendant utilizes bulk

8  SMS messaging to reach consumers.

9       9.     Bulk text messaging, or SMS, has emerged as a direct method of

10  communicating with consumers. The term "Short Message Service" or "SMS" is a

11  messaging system that allows cellular telephone subscribers to use their cellular

12  telephones to send and receive short text messages, usually limited to 160 characters.

13  An SMS message is a text message call directed to a wireless device through the use

14  of the telephone number assigned to the device.

15       10.    When an SMS message call is successfully made, the recipient's cell

16  phone rings or vibrates, alerting him or her that a call is being received. As cellular

17  telephones are mobile and are frequently carried on their owner's person, calls to

18  cellular telephones, including SMS messages, may be received by the called party

19  virtually anywhere worldwide and instantaneously.

20       11.    In sending the text messages at issue in this Complaint, Defendant

21  utilized an automatic telephone dialing system. Specifically, the hardware and

22  software used by Defendant (or its agent) has the capacity to store, produce, and dial

23  random or sequential numbers, and/or receive and store lists of telephone numbers,

24  and to dial such numbers, *en masse*, in an automated fashion without human

25  intervention. Defendant's automated dialing equipment includes features

26  substantially similar to a predictive dialer, inasmuch as it is capable of making

27  numerous text message calls simultaneously (all without human intervention).

28

**CLASS ACTION COMPLAINT**     - 3 -

1    12.    The problem for Soothe is that it fails to obtain consumers' prior

2    express written consent to place the text messages as required by the TCPA.

3    13.    That is, Soothe sends unauthorized SMS messages to cellular

4    subscribers who have not provided proper consent to Defendant to receive text

5    messages. In doing so, Soothe sends text messages to solicit consumers to purchase

6    its products and services—all in violation of the TCPA.

7    14.    By sending the text messages at issue in this Complaint, Defendant

8    caused Plaintiff and the members of the Class actual harm and cognizable legal

9    injury. This includes the aggravation and nuisance and invasions of privacy that

10    result from the receipt of such calls, in addition to a loss of value realized for the

11    monies consumers paid to their wireless carriers for the receipt of such calls.

12    Furthermore, the calls interfered with and interrupted Plaintiff's and the other Class

13    members' use and enjoyment of their cellphones, including the related data,

14    software, and hardware components. Defendant also caused substantial injury to

15    their phones by causing wear and tear on their property, consuming battery life, and

16    appropriating cellular minutes and data.

17    15.    Defendant knows or acts in conscious disregard of the fact that its SMS

18    text messages to these cellular subscribers are unauthorized. As such, Defendant not

19    only invaded the personal privacy of Plaintiffs and other members of the putative

20    Class but also intentionally and repeatedly violated the TCPA.

21    16.    To the extent a third party made calls on behalf of Soothe, Soothe knew

22    about the text messages, received the benefits of the text messages, directed the text

23    messages to be placed, and ratified the messages.

24    **FACTS SPECIFIC TO PLAINTIFF**

25    17.    Plaintiff Herrera is the owner and customary user of a personal cellular

26    telephone number ending in 5184.

27

28

**CLASS ACTION COMPLAINT**        - 4 -

18.    In or around October 2017, Plaintiff signed up for Soothe's massage services on its website. The consent language on Soothe's website fails to satisfy the requirements set forth in 47 C.F.R. 62.1200(f)(8)(i).

19.    Soon thereafter, Plaintiff began receiving text messages from Soothe advertising the availability of its products and services. Plaintiff received the text messages from several telephone numbers including: 310-494-7250, 415-938-5718, and others.

20.    At no time did Plaintiff Herrera ever provide prior express written consent to receive the text messages from Soothe or any of its affiliates or agents.

21.    Defendant was, or is, aware that the above-described text messages were placed to consumers like Plaintiff who have not consented to receive them.

22.    By continuing to make unauthorized text message calls as alleged herein, Soothe has caused Plaintiff and other consumers actual harm and cognizable legal injury. This includes the aggravation, nuisance, and invasion of privacy that results from the receipt of such unwanted text messages in addition to a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such text messages. Furthermore, the text messages interfered with Plaintiff's and the other Class members' use and enjoyment of their cellphones, including the related data, software, and hardware components. Defendant also caused substantial injury to their phones by causing wear and tear on their property, consuming battery life, interfering with their use and enjoyment, and appropriating cellular minutes and data.

23.    To redress these injuries, Plaintiff, on behalf of herself and the Class of similarly situated individuals, brings this suit under the TCPA, which prohibits unsolicited text calls to cellular telephones. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized autodialed calling activities (plus corresponding declaratory relief) and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ALLEGATIONS

24.    Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and the Class as defined as follows:

> **No Consent Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the Class; (2) received at least one text message from Defendant, or a third person acting on behalf of Defendant; (3) on the person's cellular telephone; (4) for the purpose of selling Defendant's products and services; (5) using an automatic telephone dialing system; and (6) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to send text messages to Plaintiff.

25.    The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

26.    **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has placed text messages to thousands of consumers who fall into the defined Class. The exact number of members of the Class can only be identified through Defendant's records.

27.    **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct.

28.    **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff and her counsel have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

29.    **Commonality and Predominance:** There are several questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

(a)    Whether Defendant's conduct violated the TCPA;

(b)    Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct;

(c)    Whether Defendant systematically sent text messages to consumers absent prior express written consent; and

(d)    Whether Defendant sent the text messages using an automatic telephone dialing system.

30.    **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Class so as to render final injunctive relief and corresponding declaratory relief appropriate so as to warrant certification under Rule 23(b)(2).

31.    **Superiority & Manageability:** This case is also appropriate for class certification under Rule 23(b)(3) because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members

1    of the Class will likely be relatively small, especially given the burden and expense

2    of individual prosecution of the complex litigation necessitated by Defendant's

3    actions. Thus, it would be virtually impossible for the individual members of the

4    Class to obtain effective relief from Defendant's misconduct. Even if members of the

5    Class could sustain such individual litigation, it would still not be preferable to a

6    class action, because individual litigation would increase the delay and expense to all

7    parties due to the complex legal and factual controversies presented in this

8    Complaint. By contrast, a class action presents far fewer management difficulties

9    and provides the benefits of single adjudication, economy of scale, and

10    comprehensive supervision by a single Court. Economies of time, effort and expense

11    will be fostered and uniformity of decisions ensured. Also, there are no pending

12    governmental actions against Defendant for the same conduct.

13                              **CAUSE OF ACTION**

14    **Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.***

15                    **(On Behalf of Plaintiff and the No Consent Class)**

16            32.    Plaintiff incorporates by reference the foregoing allegations as if fully

17    set forth herein.

18            33.    Defendant sent unsolicited and unwanted telemarketing text messages

19    to cellular telephone numbers belonging to Plaintiff and the other members of the No

20    Consent Class, without their prior express written consent in an effort to generate

21    business for Defendant's in-home massage products and services.

22            34.    Defendant failed to obtain any prior express consent that included, as

23    required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure

24    informing the person signing that:

25            (A) By executing the agreement, such person authorizes the seller to

26            deliver or cause to be delivered to the signatory telemarketing calls

27            using an automatic telephone dialing system or an artificial or

28            prerecorded voice; and

**CLASS ACTION COMPLAINT**            - 8 -

1    (B) The person is not required to sign the agreement (directly or

2    indirectly), or agree to enter into such an agreement as a condition of

3    purchasing any property, goods, or services.

4        35.    Further, Defendant sent the text messages using equipment that had the

5    capacity to store or produce telephone numbers to be called using a random or

6    sequential number generator, and/or to receive and store lists of phone numbers, and

7    to dial such numbers, *en masse*, simultaneously and without human intervention.

8        36.    By sending unsolicited text messages to Plaintiff and members of the

9    Class's cellular telephones without prior express written consent, and by utilizing an

10   ATDS, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

11       37.    As a result of Defendant's unlawful conduct, Plaintiff and the members

12   of the No Consent Class suffered actual damages in the form of monies paid to

13   receive the unsolicited text messages on their cellular telephones and, under Section

14   227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each

15   such violation of the TCPA.

16       38.    Should the Court determine that Defendant's conduct was willful and

17   knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of

18   statutory damages recoverable by Plaintiff and the other members of the No Consent

19   Class.

20       **<u>PRAYER FOR RELIEF</u>**

21       **WHEREFORE**, Plaintiff Antoinette Herrera, on behalf of herself and the

22   class, prays for the following relief:

23       A.    An order certifying the Class as defined above, appointing

24   Plaintiff Herrera as the representative of the Class, and appointing her counsel

25   as Class Counsel;

26       B.    An award of actual monetary loss from such violations or the sum

27   of five hundred dollars ($500.00) for each violation, whichever is greater all to

28

CLASS ACTION COMPLAINT    - 9 -

1    be paid into a common fund for the benefit of the Plaintiff and the Class
2    Members;

3          C.     An order declaring that Defendant's actions, as set out above,
4    violate the TCPA;

5          D.     A declaratory judgment that Defendant's telephone equipment
6    constitutes an automatic telephone dialing system under the TCPA;

7          E.     An injunction requiring Defendant to cease all unsolicited text
8    messaging activities, and otherwise protecting the interests of the Class;

9          F.     An award of reasonable attorneys' fees and costs to be paid out of
10    the common fund prayed for above;

11          G.     An award of treble damages if willfulness is shown; and

12          H.     Such other and further relief that the Court deems reasonable and
13    just.

14
15    ///
16    ///
17
18
19
20
21
22
23
24
25
26
27
28

**CLASS ACTION COMPLAINT**          - 10 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: September 25, 2018

**Antoinette Herrera**, individually and on behalf of all others similarly situated,

By:      s/
Aaron D. Aftergood
aaron@aftergoodesq.com
The Aftergood Law Firm
1880 Century Park East, Suite 200
Los Angeles, California 90067
Telephone: (310) 551-5221
Facsimile: (310) 496-2840

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Pro Hac Vice* admission to be sought